

*United States Department of Justice*

*United States Attorney*
*Southern District of West Virginia*

Sidney L. Christie Federal Building
and United States Courthouse
845 Fifth Avenue, Room 209
Huntington, WV 25701
PHONE: 304-529-5799
FAX: 304-529-5545



October 10, 2017

Andrew Katz, Esquire
Suite 1106 Security Building
100 Capitol Street
Charleston, WV 25301

      Re:  United States v. Dana Stevenson
           Criminal No. 2:17-cr-00047 (USDC SDWV)

Dear Mr. Katz:

    This will confirm our conversations with regard to your client, Dana Stevenson (hereinafter "Mr. Stevenson"). As a result of these conversations, it is agreed by and between the United States and Mr. Stevenson as follows:

    1.  **PENDING CHARGES.**  Mr. Stevenson is charged in a seven-count indictment as follows:

        (a)  Count One charges Mr. Stevenson with a violation of 21 U.S.C. § 841(a)(1) (distribution of heroin);

        (b)  Count Two charges Mr. Stevenson with a violation of 21 U.S.C. § 841(a)(1) and 860 (distribution of heroin within 1000 feet of a public school);

        (c)  Count Three charges Mr. Stevenson with a violation of 21 U.S.C. § 841(a)(1) (distribution of heroin);

        (d)  Count Four charges Mr. Stevenson with a violation of 21 U.S.C. § 841(a)(1) (distribution of heroin);

                                                    DS
                                                 Defendant's
                                                 Initials

FILED
OCT 19 2017
TED J. PHILYAW, ACTING CLERK
U.S. District Court
Southern District of West Virginia

Andrew Katz, Esquire
October 10, 2017                              Re: Dana Stevenson
Page 2

    (e)    Count Five charges Mr. Stevenson with a violation of 21 U.S.C. § 841(a)(1) and 860 (distribution of heroin within 1000 feet of a public school);

    (f)    Count Six charges Mr. Stevenson with a violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute cocaine base); and

    (g)    Count Seven charges Mr. Stevenson with a violation of 18 U.S.C. §922 (g)(1) (felon in possession of a firearm).

    2.    **RESOLUTION OF CHARGES.** Mr. Stevenson will plead guilty to Count One of said indictment, which charges him with a violation of 21 U.S.C. § 841(a)(1). Following final disposition, the United States will move the Court to dismiss Counts Two, Three, Four, Five, Six, and Seven in Criminal No. 2:17-cr-00047 as to Mr. Stevenson.

    3.    **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Stevenson will be exposed by virtue of this guilty plea is as follows:

    (a)    Imprisonment for a period of up to twenty years;

    (b)    A fine of $1,000,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of at least three years;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement; and

    (f)    Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny

_DS_
Defendant's Initials

Andrew Katz, Esquire
October 10, 2017                          Re: Dana Stevenson
Page 3

      certain federal benefits to Mr. Stevenson for a period of five years.

4. **SPECIAL ASSESSMENT**. Mr. Stevenson has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Stevenson agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5. **PAYMENT OF MONETARY PENALTIES**. Mr. Stevenson agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Stevenson further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

6. **COOPERATION**. Mr. Stevenson will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Stevenson may have counsel present except when appearing before a grand jury. Further, Mr. Stevenson agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

7. **ABANDONMENT OF PROPERTY**. The following firearm was seized on or about January 18, 2017, by the Bureau of Alcohol, Tobacco, Firearms, and Explosives and is in the lawful custody of

                                                         *DS*
                                                      Defendant's
                                                       Initials

Andrew Katz, Esquire
October 10, 2017                            Re: Dana Stevenson
Page 4

the United States:  a Glock, Model 27, .40 caliber firearm.

    Mr. Stevenson hereby waives and abandons all right, title, and interest in the listed firearms and ammunition.  Mr. Stevenson waives, releases, and withdraws any claim that he has made with respect to the firearm and ammunition, and waives and releases any claim that she might otherwise have made to them in the future.

    Mr. Stevenson consents to the destruction of the firearms and ammunition.

    Mr. Stevenson waives any right he might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the United States might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the firearms and ammunition.  Mr. Stevenson's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any ground, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the firearms and ammunition, including any such claim for attorney fees and litigation costs.

    Mr. Stevenson agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the firearms and ammunition.

    8.  **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Mr. Stevenson, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    9.  **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United

_____
Defendant's
Initials

Andrew Katz, Esquire
October 10, 2017                      Re: Dana Stevenson
Page 5

States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Stevenson for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Stevenson for perjury or false statement if such a situation should occur pursuant to this agreement.

    10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Stevenson stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

    Mr. Stevenson agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Stevenson or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Stevenson knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Mr. Stevenson understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

_DS_
_____
Defendant's
Initials

Andrew Katz, Esquire
October 10, 2017                                    Re: Dana Stevenson
Page 6

11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Stevenson agree that the following provisions of the United States Sentencing Guidelines apply to this case.

Count One of the Indictment:

USSG §2D1.1

| | |
|---|---|
| Base offense level | 16 |
| Possession of firearm | + 2 |
| Adjusted offense level (prior to acceptance) | 18 |

The United States and Mr. Stevenson acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Stevenson knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 18. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 15.

_____DS_____
Defendant's
Initials

Andrew Katz, Esquire
October 10, 2017                           Re: Dana Stevenson
Page 7

    Mr. Stevenson also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

    The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    13. **WAIVER OF FOIA AND PRIVACY RIGHT**. Mr. Stevenson knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    14. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a)  Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)  Respond to questions raised by the Court;

    (d)  Correct inaccuracies or inadequacies in the presentence report;

    (e)  Respond to statements made to the Court by or on behalf of Mr. Stevenson;

*DS*
_____
Defendant's Initials

  (f) Advise the Court concerning the nature and extent of Mr. Stevenson's cooperation; and

  (g) Address the Court regarding the issue of Mr. Stevenson's acceptance of responsibility.

  15. **VOIDING OF AGREEMENT.** If either the United States or Mr. Stevenson violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

  16. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Stevenson in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Stevenson in any Court other than the United States District Court for the Southern District of West Virginia.

  Acknowledged and agreed to on behalf of the United States:

            CAROL A. CASTO
            United States Attorney

     By: _/s/ Stephanie S. Taylor_
            Stephanie S. Taylor
            Assistant United States Attorney

SST/sdw

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 9-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that

                _DS_
                Defendant's Initials

Andrew Katz, Esquire
October 10, 2017                                Re: Dana Stevenson
Page 9

my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          \_\_10-10-17_____
Dana Stevenson                                  Date Signed
Defendant

_____          \_\_10/10/17_____
Andrew Katz, Esquire                            Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:17-cr-00047

DANA STEVENSON

### STIPULATION OF FACTS

The United States and DANA STEVENSON (hereinafter "defendant") stipulate and agree that the facts comprising the offense of conviction (Count One in the Indictment in the Southern District of West Virginia, Criminal No. 2:17-cr-00047) and the relevant conduct for that offense, include the following:

### OFFENSE CONDUCT

On or about December 14, 2016, officers with the Charleston Police Department Special Enforcement Unit used a confidential informant to make a controlled buy of heroin from the defendant. The buy occurred in the area of Garvin and Washington Street West in Charleston, West Virginia. The CI provided the defendant with $325.00, and the defendant provided the CI with approximately 1.74 grams of suspected heroin. The substance field tested positive for heroin.

Defendant stipulates that heroin is a Schedule I controlled substance.

### RELEVANT CONDUCT AND TOTAL DRUG WEIGHT

On January 4, 2017, officers utilized a confidential informant to make a controlled purchase from the defendant. On that occasion, defendant distributed approximately 1.9 grams of heroin to the informant in exchange for $330.00 in United States currency. This controlled purchase took place within 1000 feet of Stonewall Jackson Middle School.

The CI informed officers that during the controlled purchase, the defendant showed him/her a black handgun that resembled a Glock. The defendant told the CI he had a pump action shotgun at his house that he would be willing to sell. The CI then met the defendant and purchased a shotgun from the defendant in exchange for $120.00 in United States currency.

On January 6, 2017, officers utilized a confidential informant to make a controlled purchase from the defendant. On that occasion, defendant distributed approximately 1 gram of heroin to the informant in exchange for $100.00 in United States currency. The CI informed officers that during the controlled purchase, the defendant removed a Glock firearm from his back pocket and showed it to the CI.

On January 11, 2017, officers utilized a confidential informant to make a controlled purchase from the defendant. On that occasion, defendant distributed approximately 1.9 grams of heroin to the informant in exchange for $300.00 in United States currency.

On January 17, 2017, officers utilized a confidential informant to make a controlled purchase from defendant. On that occasion, defendant distributed approximately 4.3 grams of heroin to the informant in exchange for $850.00 in United States currency. This controlled purchase took place within 1000 feet of Stonewall Jackson Middle School.

On January 18, 2017, officers conducted a search warrant at defendant's residence at 913 Garden Avenue in Charleston, West Virginia. During the search, officers recovered approximately 6 grams of cocaine base, also known as "crack", and a Glock .40 caliber Model 27 firearm in the basement.

Defendant stipulates that heroin is a Schedule I controlled substance and that cocaine base is a Schedule II controlled substance.

Prior to his possession of the above-referenced firearms, defendant had been convicted of the following felony offense: Specifically, he was convicted on or about December 1, 2014, in the 13th Circuit Court, Kanawha County, West Virginia of Wanton Endangerment, in violation of West Virginia Code § 61-7-12. Defendant has not had his right to possess firearms restored.

The firearm has been test-fired and was found to be functional.

**PLEA AGREEMENT EXHIBIT A**
2

The parties further agree and stipulate that the firearm was manufactured outside of the State of West Virginia and thus, has traveled in interstate commerce.

The parties stipulate and agree that the total amount of offense and relevant conduct attributable to defendant at sentencing is at least 20 KG of marijuana equivalency but less than 40 KG of marijuana equivalency.

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charge set forth in the Indictment.

Stipulated and agreed to:

_____     10-10-17
DANA STEVENSON                      Date
Defendant

_____     10-10-17
Andrew Katz, Esquire                Date
Counsel for Defendant

_____     10-18-17
Stephanie S. Taylor                 Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
3