IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE UNITED STATES OF AMERICA

v.                                          Criminal No.: 0425  2:17CR-00047-01

DANA STEVENSON

SENTENCING MEMORANDUM

COMES NOW Defendant Dana Stevenson, by counsel, Andrew J. Katz and files this Sentencing Memorandum.

## I. INTRODUCTION

Mr. Stevenson pled guilty to one count of distributing a quantify of heroin, a controlled substance, a violation of 21 U.S.C. § 841 (a)(1). Mr. Stevenson's statutory exposure to incarceration is twenty years. Additionally, Defendant faces a maximum fine of one million dollars ($1,000,000.00), three years of supervised release and a special assessment of one hundred dollars ($100.00).

Under the United States Sentencing Guidelines (hereinafter referred to as the "Sentencing Guidelines" or "Guidelines"), the United States Probation Office has found that Mr. Stevenson's offense level, based on charged and relevant conduct, to be 14[1]. This amount is enhanced 2

---

[1] This offense conduct level is based on the Probation Officer's knowledge that this Court prefers to count "crack cocaine" on a "1 to 1" ratio with powder cocaine. Otherwise, the offense level would start at 16 and end at 13 after the adjustments described herein.

levels due to the possession of a firearm and then subject to a 3 level reduction for acceptance of responsibility, for a final Guideline offense level of 13.  With 3 criminal history points attributable to Defendant due to his past illegal conduct, Defendant has a criminal history category of III.  With an offense level of 13 and a criminal history category of III, the Sentencing Guideline range is 18-24 months.

## II. LEGAL ISSUES

There are no legal or factual  issues to resolve.

## III. STATUTORY SENTENCING FACTORS

As there is no statutory minimum in this case, this Court has the authority to sentence Defendant to as little incarceration time as it deems appropriate.  In light of the statutory factors discussed below, Defendant urges this Court to give him a sentence at the low end of the Guideline range of 18-24 months.

.    **1. The Nature of the Offense and History and Characteristics of Defendant.**

Mr. Stevenson admits that he sold small quantities of heroin as listed in his Plea Agreement and in the United States Probation Office's Presentence Investigation Report.  However, there is no other evidence of drug distribution by Defendant in his criminal history.  Thus, he does not have the history that one would associate with a "professional" drug dealer.

As for Mr. Stevenson's personal history, this Court should note that Defendant comes from a broken home.  Defendant had rarely lived with his mother, who died in 2013.  Moreover, Defendant had the unfortunate experience of becoming addicted to drugs at a very young age.  At

the age of 12, Mr. Stevenson was already regularly abusing promethazine and codeine. As Defendant grew older, starting at the age of 13, he abused marijuana. Later, Defendant became addicted to Percocet, which he was prescribed after suffering from a significant gun shot wound.

Defendant understands that many individuals that come before this Court have a similar personal history, though the starting age of his drug addiction may be younger then most. That is why he is not asking for a sentence below the Guideline range. However, in light of his difficult life story, particularly getting hooked on drugs at an age when his decision making ability was very poor, Mr. Stevenson urges this Court to sentence him at the low end of Sentencing Guidelines.

**2. The Need For the Sentence to Reflect the Seriousness of the Offense, to Uphold Respect For the Law, to Act as a Deterrents to Protect the Public and Provide Defendant With Education, Training and Rehabilitation.**

Defendant maintains that a sentence at the low end of the Guideline range would still satisfy the requirements of this section.

**3. Types of Sentences Available.**

Under the Guidelines, there are no sentencing alternatives.

**4. Sentence Range Established By the United States Sentencing Guidelines.**

As stated in the PSR, the sentencing guidelines range is 18 to 24 months.

**5. Policy Statements.**

The policy statement underlying the Sentencing Guidelines is found at 28 U.S.C. § 994. None of the factors listed therein are particularly relevant to this matter.

**6. Sentence Disparity.**

Defendant knows of no sentence disparity issue.

In summary, Mr. Stevenson sold small amounts of drugs most likely to support his personal drug use. While this activity can not be condoned, it should be considered in light of the Guideline sentence. A sentence at the low end of the Guideline range would be appropriate in this matter.

                                                      DANA STEVENSON
                                                     By Counsel

S/ Andrew J. Katz
Andrew J. Katz (6615)
The Katz Working Families' Law Firm, LC
The Security Building, Ste. 1106
100 Capitol Street
Charleston, West Virginia   25301
(304) 342-5579.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE UNITED STATES OF AMERICA

v.                                              Criminal No.: 0425  2:17CR-00047-01

DANA STEVENSON

## CERTIFICATE OF SERVICE

I, Andrew J. Katz, counsel for Defendant Dana Stevenson, do hereby certify that I have on the 11th day of January, 2018 caused to be served a true copy of Defendant's **SENTENCING MEMORANDUM** via the federal CM/ECF system on the following individual:

Stephanie S. Taylor, Assistant
United States Attorney

S/ Andrew J. Katz
Andrew J. Katz (6615)